14-402-cv
*Montgomery v. Bank of America Corporation*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand fifteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

NECA-IBEW Pension Trust Fund, Denis Montgomery, on behalf of himself and all others similarly situated,

> *Plaintiffs-Appellants*,

v.                                                                      No. 14-402-cv

Kenneth D. Lewis, Bank of America Corporation, William Barnet, III, Frank P. Bramble, Sr., Joe L. Price, John T. Collins, Neil A. Cotty, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Steven W. Jones, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Temple O. Sloan, Thomas M. Ryan, Meredith R. Spangler, Robert L. Tillman, Banc of America Securities LLC, Jackie M. Ward, Citigroup Global Markets Inc., UBS Securities LLC,

**Wachovia Capital Markets, LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities, J.P. Morgan Securities Inc., Morgan Stanley & Co. Incorporated,**

                        *Defendants-Appellees*,

**Incapital LLC,**

                        *Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | MARK L. KNUTSON, JEFFREY R. KRINSK, Finkelstein & Krinsk, San Diego, CA; Jeffrey A. Klafter, Klafter Olsen & Lesser LLP, Rye Brook, NY. |
| **FOR DEFENDANTS-APPELLEES:** | JONATHAN ROSENBERG, Bradley J. Butwin, William J. Sushon, B. Andrew Bednark, O'Melveny & Myers LLP, New York, NY, *for* Defendants-Appellees Kenneth D. Lewis, Bank of America Corporation, William Barnet, III, Frank P. Bramble, Sr., Joe L. Price, John T. Collins, Neil A. Cotty, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Steven W. Jones, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Temple O. Sloan, Thomas M. Ryan, Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward. |
| | SCOTT D. MUSOFF, Jay B. Kasner, Gary J. Hacker, Skadden, Arps, Slate, Meagher & Flom LLP, New York NY, *for* Defendants-Appellees Merrill Lynch, Pierce, Fenner & Smith Incorporated, individually and as successor by merger to Banc of America Securities LLC, Citigroup Global Markets Inc., Deutsche Bank Securities Inc., J.P. Morgan Securities, Inc., Morgan Stanley & Co. Inc., UBS Securities LLC, and Wachovia Capital Markets, LLC. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants NECA-IBEW Pension Trust Fund and Denis Montgomery (collectively, "Plaintiffs") filed suit on behalf of themselves and others similarly situated in the United States District Court for the Southern District of New York (Kaplan, *J.*), alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 in connection with two Bank of America ("BAC") public offerings of securities in January and May of 2008 (collectively, the "Offerings"). Defendants-Appellees are BAC, various BAC directors and officers, and the Offerings' underwriters (collectively, "Defendants"). On December 3, 2013, the district court entered an order adopting the February 15, 2013 report and recommendation of Magistrate Judge Henry Pitman, which recommended denial of Plaintiffs' motion for leave to amend on the grounds that the amendments contained in the Proposed Second Amended Complaint ("PSAC") would be futile. Plaintiffs appeal from the district court's December 3, 2013 order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's denial of leave to amend *de novo* where "the denial was based on an interpretation of law, such as futility." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Proposed amendments are futile if they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* The standard for denying leave to amend based on futility is therefore the same as

3

the standard for granting a motion to dismiss.  *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

The district court concluded that leave to amend would be futile because, *inter alia*, the additional allegations contained in the PSAC were untimely.   We agree.

The district court correctly determined that Plaintiffs' amended claims are time barred because the PSAC's own allegations demonstrate that a reasonably diligent plaintiff would have had sufficient information to plead the asserted Securities Act violations by late 2008—more than one year prior to the filing of Plaintiffs' initial complaint on January 19, 2010.   15 U.S.C. § 77m ("No action shall be maintained to enforce any liability created under section [11] or [12(a)(2)] of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence."); *cf. Ellul v. Congregation of Christian Bros.,* 774 F.3d 791, 798 n.12 (2d Cir. 2014) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." (citation omitted)). [1]   The district court properly observed that the facts comprising the core of Plaintiffs' accounting-related claims were contained within BAC's 2008 financial disclosures that are cited in the PSAC.   Though the PSAC asserts, for example, that BAC concealed a 70% write down of impaired collateralized debt obligations ("CDOs"), the PSAC acknowledges that this information was disclosed in BAC's 2007 Form 10-K filed on February 28, 2008.   The PSAC also asserts that BAC concealed the removal of certain CDOs

---

[1] The parties dispute whether the statute of limitations governing Plaintiffs' Securities Act claims is triggered by inquiry notice or the less-onerous discovery rule announced by the Supreme Court in *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) (rejecting inquiry notice as a trigger for claims under Section 10(b) of the Securities and Exchange Act of 1934).   We not need resolve this issue, however, because we agree with the district court that Plaintiffs' claims are untimely even under the less-burdensome *Merck* discovery rule.

4

from its Value-at-Risk ("VAR") models but acknowledges that BAC disclosed (1) that it had revised its procedures for VAR testing CDOs in its 2007 Form 10-K and (2) that the CDOs were reinstated into its VAR models in its Form 10-Q filed on May 8, 2008.

We further agree with the district court that a reasonably diligent plaintiff would have had sufficient information by late 2008 to plead the PSAC's claims relating to the acquisition of Countrywide Financial Corporation ("Countrywide"). The district court correctly observed that sufficient information relating to Countrywide's loan origination practices was in the public domain by virtue of, *inter alia*, the numerous federal and state lawsuits filed against Countywide in 2007 and the widespread press coverage that Countrywide received in national publications such as The New York Times and The Wall Street Journal in 2007 and 2008.

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5